IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. CASH, | ) |
| | ) |
| Petitioner, | )   4:06cv3073 |
| | ) |
| vs. | )   ORDER on INITIAL REVIEW |
| | ) |
| ROBERT HOUSTON, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Scott A. Cash. In addition, the petitioner has filed an Application to Proceed In Forma Pauperis ("IFP") (filing no. 2). The petitioner's mother has paid the $5 filing fee. However, filing no. 2 reflects that the petitioner qualifies financially to proceed IFP. Therefore, the petitioner's Application to Proceed IFP is provisionally granted, subject to receipt of his trust account information, which the Clerk of Court has requested from the petitioner's institution.[1]

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Rule 10 of the *2254 Rules,* as amended,

---

[1] Only if the petitioner's trust account information, once received, were to reveal that he has substantially greater assets than represented in filing no. 2 would his IFP status be revoked.

1

states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Buffalo County, Nebraska, on or about March 16, 2001, of second degree attempted murder and use of a firearm to commit a felony. On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

IT IS THEREFORE ORDERED:

1. That, although the petitioner's filing fee has been paid, the petitioner's Application to Proceed IFP (filing no. 2) is provisionally granted, subject to receipt of his trust account information, which the Clerk of Court has requested from the petitioner's institution;

2. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

3. That, by May 11, 2006, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

4. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

5. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

6. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney; and

7. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

DATED this 4th day of April, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge