IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. CASH, | ) |
| Petitioner, | ) 4:06cv3073 |
| vs. | ) MEMORANDUM AND ORDER |
| ROBERT HOUSTON, | ) |
| Respondent. | ) |

This matter is before the court on filing nos. 17, 18, 20 and 22, in which the parties haggle over the state court records and who (as between the respondent and the court) should be responsible for providing the records to the petitioner. As for the second of those issues, the Nebraska Attorney General's office relies on the language of 28 U.S.C. § 2250, entitled "Indigent petitioner entitled to documents without cost," which states:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

While 28 U.S.C. § 2250 grants an indigent habeas petitioner an entitlement to the relevant records, the statute does not purport to create an exclusive method for satisfaction of that right. On the contrary, the Fourth Circuit Court of Appeals has recently ruled in Thompson v. Greene, 427 F.3d 263 (4th Cir. 2005), that an Answer to a habeas corpus petition is required by the § 2254 habeas rules to include as attachments such portions of the transcripts as the answering party deems relevant and a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any. Id. at 268. Those attachments/exhibits constitute an integral part of the Answer and must be served with the Answer on the petitioner. Id. at 267-71. The protestations to the contrary by the state Attorney General in Thompson v. Greene "border[ed] on the frivolous." Id. at 271.

In this district, the court tries not to overtax the Nebraska Attorney General and instead permits hand delivery of the state court records to the court together with the filing of a detailed Designation of Relevant State Court Records. However, when a petitioner requests supplementation of the respondent's designation of relevant records, that request is almost always granted. When the petitioner requests copies of documents, the court decides on a case-by-case basis who is to furnish the copies. In recent years the court has undertaken the copying and mailing, in recognition of the effort the Attorney General has already made to procure the records in the first instance and to deliver them to the court.

Under no circumstances will the petitioner be denied access to the records just because the effort is burdensome.

It appears to me from filing nos. 17, 18, 20 and 22 that all records in existence have now been identified. At this time, however, I am confused as to what records have not been delivered to the court, if any, which records do not actually exist, and which records exist but the petitioner lacks copies. I would appreciate a simple checklist from each party.

IT IS THEREFORE ORDERED:

1. That by September 18, 2006, the petitioner shall file a clear and legible list of documents believed to exist, not already in his possession, and for which he wants a copy (each document shall be described in as much detail as possible);

2. That by September 29, 2006, the respondent shall inform the court of the status of each document on the petitioner's list; if a document is in the record, the respondent shall state where it is located in the record; if not in the record, the respondent shall state approximately when it will be delivered to the court; if unable for whatever reason to be obtained, the respondent shall so state and give a reason;

3. That the court will copy the records for the petitioner; and

4. That filing nos. 17, 18, 20 and 22 are granted in part and denied in part as set forth above.

DATED this 23rd day of August, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge