IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SCOTT A. CASH, | ) | |
| | ) | |
| Petitioner, | ) | 4:06cv3073 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing nos. 24 and 25, in which the parties list the records which the petitioner needs and which the respondent has filed with the court. In filing no. 23, my Memorandum and Order of August 23, 2006, I stated that upon the petitioner's clarification of the documents he needs and the respondent's clarification of where those documents are located in the record, the court would copy the documents and send them to the petitioner.

The location of State Court Pleadings numbered (1) through (10) in filing no. 24, the petitioner's checklist has been identified in filing no. 25, the respondent's Response to the Petitioner's Checklist. Those items will be furnished to the petitioner without cost.

On the other hand, the respondent states that State Court Pleading number (11), a Petition for Further Review and Brief in Support filed in A-01-0426 or A-02-0171 have not been located, and, to the best of the respondent's knowledge, do not exist. In addition, the documents do not appear on the docket sheets for the referenced state court cases. In the absence of evidence to the contrary, the court cannot order the respondent to produce documents which by all indications do not exist.

The petitioner also requests an additional item which has not been produced, a transcript of a telephone conference concerning a hearing on a motion for new trial filed by attorney Gregory C. Damman in March of 2002. The hearing related to amending the petitioner's second postconviction motion. The respondent argues that the hearing has never been transcribed and no transcript has been presented to the state courts. Therefore, the respondent resists expansion of the record to include the transcript at this time.

If the petitioner wishes to pursue the matter of the transcript of the telephone conference in March of 2002, he must explain three matters: (1) why is the transcript important, in other words, for what reason(s), would the transcript be offered in this habeas action; (2) why did the petitioner fail to develop the record, i.e., **ask** for a copy of the transcript in the state court proceedings; and (3) what prejudice is the petitioner exposed

1

to in the absence of the transcript.  The petitioner will have to provide clear and detailed answers to those questions, as expansion of the state court record is unusual and must be justified.

       IT IS THEREFORE ORDERED:

       1.    That by September 29, 2006, the Clerk of Court shall copy and send to the petitioner, without cost, the following attachments to filing no. 13, the respondent's Designation of Relevant State Court Records:  Attachments 12, 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34;

       2.    That if the petitioner wishes to pursue the matter of the transcript of the telephone conference held in March of 2002, he must explain: (a) why is the transcript important, in other words, for what reason(s), would the transcript be offered in this habeas action; (b) why did the petitioner fail to develop the record, i.e., **ask** for a copy of the transcript in the state court proceedings; and (c) what prejudice is the petitioner exposed to in the absence of the transcript; the petitioner shall have until September 29, 2006 to make that showing unless a timely motion for extension of time is granted.

       DATED this 15th day of September, 2006.

       BY THE COURT:

       s/ F. A. GOSSETT
       United States Magistrate Judge