IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. CASH, | ) |
| | ) |
| Petitioner, | )   4:06cv3073 |
| | ) |
| vs. | )   MEMORANDUM AND ORDER |
| | ) |
| ROBERT HOUSTON, | ) |
| | ) |
| Respondent. | ) |

This matter is before the court on filing no. 21, the Motion for Appointment of Counsel filed by the petitioner, Scott A. Cash. The decision whether to appoint counsel is committed to the discretion of the district court in light of such factors as the factual and legal complexity of the case and the petitioner's ability to investigate and to articulate his claims without appointed counsel. Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir.), cert. denied, 531 U.S. 984 (2000). "A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.' ... The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition .... The appointment of counsel is discretionary when no evidentiary hearing is necessary .... In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors .... Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted).

Upon review of the record, the above factors do not indicate a present need for the appointment of counsel. Accordingly, for the foregoing reasons, the petitioner's Motion for Appointment of Counsel is denied at this time, subject to sua sponte reconsideration in the future, particularly if an evidentiary hearing is held in this case.

SO ORDERED.

DATED this 25th day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge